United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VILLATORO and JOSE VICTOR VILLATORO,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITIBANK N.A., AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-4, MORTGAGE-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-4, and all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiff's title thereto, and DOES 1 through 30, inclusive.<br><br>    Defendants.<br>                                       / | No. C 12-03093 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE** |

In this action challenging a foreclosure sale, defendant CitiBank N.A.'s motion to dismiss is **GRANTED**.

After a default and an attempt at loan modification, defendant CitiBank held a trustee's sale and took back plaintiffs' home in its own name. The next day, plaintiffs filed for bankruptcy, and their case was later converted to Chapter 7. Defendant filed an unlawful detainer action in state court, and a few months later plaintiffs filed their own state court action to set aside the trustee's sale, which was removed here by defendant based upon 28 U.S.C. 1332 and 1441. Meanwhile, the bankruptcy discharge was obtained and the bankruptcy action was closed. On June 22, 2012, defendant moved to dismiss plaintiffs' complaint for lack of standing.

1   This order holds that plaintiffs lack standing to sue to set aside the trustee's sale.  When
2 plaintiffs filed for bankruptcy, all of their claims for relief passed to the Chapter 7 trustee.  *See*
3 *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) (plaintiff who fails to
4 amend bankruptcy schedules to list known claims against defendant is precluded from pursuing
5 those claims).  Plaintiffs did not amend their bankruptcy schedules or disclosure statements
6 during their bankruptcy proceedings to identify the claims asserted in their complaint.  When the
7 instant lawsuit was commenced, therefore, plaintiffs lacked standing to pursue their claims.

8   Defendant requests that judicial notice be taken of the following documents pertaining to
9 this action:  (1) a deed of trust recorded on July 28, 2006, in the official records of Contra Costa
10 County; (2) a notice of default and election to sell under deed of trust recorded on June 21, 2011,
11 in the official records of Contra Costa County; (3) an assignment of deed of trust recorded on
12 June 23, 2011, in the official records of Contra Costa County; (4) a notice of trustee's sale
13 recorded on September 19, 2011 in the official records of Contra Costa County; (5) a trustee's
14 deed upon sale recorded on December 20, 2011, in the official records of Contra Costa County;
15 (6) a voluntary petition filed in United States Bankruptcy Court, Northern District of California
16 Case No. 12-40882 on January 30, 2012; (7) first amended schedules B & C filed in United
17 States Bankruptcy Court, Northern District of California Case No. 12-40882 on February 27,
18 2012; (8) discharge of debtor and final decree filed in United States Bankruptcy Court, Northern
19 District of California Case No. 12-40882 on June 4, 2012.

20   Defendant's request for judicial notice is **GRANTED**, as the contents of these documents
21 are "not subject to reasonable dispute" in that as public records, they are "capable of accurate
22 and ready determination by resort to sources whose accuracy cannot reasonably be questioned."
23 FRE 201.

## CONCLUSION

25   Because plaintiffs lack standing to bring their claims, defendant's motion to dismiss is
26 **GRANTED**.  Plaintiffs have requested leave to amend so that they may "seek the trustee's
27 abandonment of the claim or obtain the trustee's agreement to proceed forward" with this action
28 (Opp. 8).  Plaintiffs will have **21 CALENDAR DAYS** from the date of this order to file a motion,

2

noticed on the normal 35-day track, for leave to file an amended complaint securing the trustee's participation in or abandonment of plaintiffs' claims.

**IT IS SO ORDERED.**



Dated: July 25, 2012

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3